## BARNES *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 30, October Term, 1955.]

*Decided March 16, 1956.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HEN-
DERSON and HAMMOND, JJ.

BRUNE, C. J., delivered the opinion of the Court.

This is an application for leave to appeal from an order
of Judge J. Dudley Digges, sitting in the Circuit Court
for Prince George's County, denying a petition for a writ
of *habeas corpus.*

The petitioner entered a plea of guilty to one count of
an indictment for larceny returned against him in the
Criminal Court of Baltimore, and was sentenced on
August 3, 1954, to two years' imprisonment in the Mary-
land House of Correction. He complains of being with-
out the aid of counsel. His petition refers to his having
been convicted on charges of larceny "a number of times"
prior to this conviction, and states that on previous oc-
casions he was not provided with counsel, though he had
several times requested that counsel be appointed for him
and that his requests had been refused. When and
where these other convictions occurred is not shown.
He describes himself as "an itinerant farm and construc-
tion worker and illiterate."

His petition states: "The petitioner did not request the
court to appoint him counsel for his trial on August 3,

1954 because the State prosecutor had advised the said petitioner that if he would enter a plea of guilty to the 3rd count of larceny in the indictment that the several remaining counts would not be prosecuted against him, and so the said petitioner, being illiterate and with insufficient knowledge and experience in criminal law and procedure, did reluctantly accept the offer of the State prosecutor and plead guilty to the 3rd count of larceny in the indictment on the condition that the other charges in the indictment be not prosecuted against him."

He now complains that the court did not, of its own motion, appoint counsel for him. There is no suggestion that the prosecuting attorney failed to carry out the alleged agreement to drop the other counts in the indictment. The petitioner's brief in this court indicates that the count to which he pleaded guilty was a "lesser" count—the unauthorized use of an automobile. The charges in the other counts are not stated. In this court he adds a claim of innocence.

It has been repeatedly held that the question of guilt or innocence cannot be retried in *habeas corpus* proceedings. *Medley v. Warden of Maryland House of Correction,* 207 Md. 634, 115 A. 2d 287.

With regard to his claim based upon being without counsel, we find no facts alleged which would show that because of that fact any ingredient of unfairness actively operated in the process that resulted in his confinement. *Quicksall v. Michigan,* 339 U. S. 660; *Williams v. Warden of Maryland Penitentiary,* 200 Md. 651, 89 A. 2d 228; *Truelove v. Warden of Maryland House of Correction,* 207 Md. 636, 115 A. 2d 297. He seems to have been quite experienced in larceny cases, and there is nothing in his petition which would lead us to suppose that he was unaware of the effect of his plea.

*Application denied, with costs.*